**Jimmie Wayne CRUMLEY, Appellant,**

v.

**Patricia Nell CRUMLEY, Appellee.**

**No. 9548.**

Court of Appeals of Texas, Texarkana.

May 10, 1988.

Rehearings Denied June 1 and 8, 1988.

Mary Aikman, Kilgore, for appellant.

Bert Creel, Tyler, for appellee.

PER CURIAM.

Jimmie Wayne Crumley appeals from an order enforcing and clarifying a prior divorce decree. Because the evidence is insufficient to support the damages award, we set aside that portion of the judgment and otherwise affirm.

On April 27, 1984, Jimmie Wayne Crumley and Patricia Nell Crumley were divorced. The trial court awarded two tracts of land, in the Oscar Engledow Survey and the A. Hamilton Survey. The judgment provided that the tracts in the Engledow and the A. Hamilton Surveys be set aside to Patricia free and clear from all liens and encumbrances. Patricia later discovered that the Engledow tract was encumbered with a coal lease. She subsequently sold the tract for $25,000.00.

On August 16, 1985, Patricia filed a motion for enforcement and clarification of a prior order. She sought a monetary award for the damages she claims to have suffered as a result of Jimmie's failure to comply with the divorce decree. Pursuant to its authority under Tex.Fam.Code Ann.

§§ 3.70(c), 3.71(a), 3.72(b) and 3.74(c) (Vernon Supp.1988), the district court heard testimony concerning the property's fair market value. Ultimately, the trial court made findings of fact which included the following: On the date of the divorce, the Engledow Survey land was encumbered with a coal lease. When Patricia attempted to sell the property she learned of the lease's existence. She discussed the problem with Jimmie and requested his help, but he offered no help and took no action toward clearing the title to the property. She subsequently sold the property for $25,000.00, which was the reasonable value of the tract encumbered by the coal lease. The reasonable market value of the Engledow Survey property at the time of the settlement and divorce, free and clear from all liens and encumbrances, was $45,000.00.

Based on these findings, the court awarded Patricia $20,000.00.

Jimmie challenges the propriety of the trial court's exercise of jurisdiction over the original divorce decree and its award of monetary damages to Patricia. Jimmie claims the trial court lacked jurisdiction to hear testimony on the real property and to award damages without having first made a finding, pursuant to Tex.Fam.Code Ann. § 3.72(b), that the original decree was not specific enough to be enforceable by contempt. Having found merit in this contention, we abated this appeal and ordered the trial court to file findings of fact and conclusions of law, which now appear in the record before us. The trial court made the requisite finding for jurisdiction to attach. Moreover, Tex.Fam.Code Ann. § 3.74(a) (Vernon Supp.1988) authorizes the court to award money damages when a party fails to comply with a divorce decree and the property awarded in the decree is no longer an adequate remedy. However, the evidence does not support a finding that Jimmie failed to comply with the divorce decree, nor does the evidence support the trial court's award of damages, which Jimmie also challenges.

Upon a close examination of the record, we feel that the trial court erred in hearing evidence on property value as such evi-

dence is irrelevant. A verified copy of the coal lease reveals that the lease was entered on April 25, 1974, ten years before the Crumley divorce became final. The lessors are Maydell and J.D. Gloar and not Jimmie Crumley. Thus, at the time of the divorce, the community only owned the surface estate of the Engledow Survey tract. There is no evidence that Jimmie did anything to cause Patricia to suffer damages. The trial court could not award more than the community owned and Patricia received the entire community interest in the property.

Patricia claims she suffered damages as a result of the property's decreased value caused by the coal lease and that Jimmie represented the property to be worth between $50,000.00 and $60,000.00 during their property settlement negotiations. However, Jimmie's representation was based on a belief that there was no coal lease on the property. There is no evidence that Jimmie knew about the coal lease at the time of the divorce. Jimmie complied with the divorce decree in that he delivered to Patricia all that the community owned. As there is no sound basis for awarding damages to Patricia on this ground, we set aside the monetary award for $20,000.00.

Jimmie further claims that Patricia is barred from receiving damages under the principles of waiver and estoppel because she sold the property without giving him an opportunity to cure the defect. However, we do not find it necessary to address these points as we are setting aside the award on evidentiary grounds.

The judgment of the trial court is modified so as to delete that part which allows recovery for $20,000.00 damages and, as modified, is affirmed.